UNITED STATES of America, Appellee,

v.

Henry AGARD, Defendant-Appellant.

No. 828, Docket 78–1385.

United States Court of Appeals,
Second Circuit.

Argued April 11, 1979.
Decided Sept. 17, 1979.

Steven Lloyd Barrett, New York City (The Legal Aid Society, of counsel), for defendant-appellant.

Judith Pierce, Asst. U. S. Atty., Eastern District of New York Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., Mary McGowan Davis, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y., of counsel), for the United States of America.

---

5. This opinion was circulated to all active judges of the Court prior to filing.

Before OAKES and GURFEIN, Circuit Judges, and PIERCE, District Judge.*

PIERCE, District Judge:

Henry Agard, the appellant, was charged in the United States District Court for the Eastern District of New York, with, *inter alia*, having had unlawful possession of firearms, though he had been convicted of a felony, on two occasions in violation of 18 U.S.C. § 1202(a)(1) (Appendix 1976).[1] The first trial ended in the declaration of a mistrial by Judge Costantino when the jury was unable to agree upon a verdict. Upon a retrial before the same judge, Agard was convicted of these offenses by a jury. He appeals from the judgment of conviction.

Appellant contends that the district court erred in refusing to instruct the jury regarding the defense of duress and coercion. He asserts that since the district court had instructed the jury on this defense in the first trial and since he had designed his defense in the second trial in anticipation of that instruction, the court's failure to instruct the jury as to that defense upon the retrial constituted denial of due process. An issue is raised by this appeal as to whether the evidence produce at trial was sufficient to warrant an instruction on that defense. For the reasons which follow, the judgment of conviction is affirmed.

## FACTS

On the evening of May 27, 1977, appellant was working in his pizza shop when three men entered and ordered food.[2] An altercation between appellant and these three patrons ensued when appellant "leaped" over the counter which normally separated him from his patrons and tried to put them out of the shop. Appellant contends that he attempted to compel them to leave because they were talking about using guns and because he was afraid that they intended to rob him. One of these men allegedly made a threatening movement which suggested that he had a weapon in his pocket. Appellant, however, did not see any weapon. Some time after the altercation began, appellant grabbed a Colt AR–15 rifle which had been hidden behind the counter.[3] His opponents quickly dispersed, but not before he was able to apprehend one of them and to discharge several shots from the rifle.

Attracted by the sound of gunfire, several police officers soon arrived. Appellant, who had the rifle pointed at his captive's chest, was ordered to lower the firearm. The police took the rifle from him but did not arrest him.

About seven months later, on December 15, 1977, appellant's second encounter with firearms occurred. Appellant was again working in the shop. At three o'clock in the morning, several police officers entered his establishment and ordered food. He was informed by one of the officers that they were conducting a search for a certain individual who had allegedly shot another officer.

---

* Honorable Lawrence W. Pierce, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. Section 1202(a)(1) in the appendix of Title 18, United States Code provides:

    "Any person who has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

    Appellant's prior felony conviction and the fact that the firearms involved had been in interstate commerce were stipulated.

2. Although appellant testified that three men were involved in the incident which took place on the evening of May 27, 1977, a witness of the event testified that only two men were involved.

3. Although appellant testified that he took possession of the rifle during the course of the struggle, another witness testified that appellant did not seek the firearm until after the struggle had ended. That witness testified that the combatants spilled out onto the sidewalk in front of the appellant's shop during the course of the altercation and that appellant was knocked down. He then returned to his shop, unpursued by the other combatants who remained outside the shop, and reappeared with the rifle.

Later, as the police officers were leaving his shop, one of the officers allegedly said, "I know you probably still have guns on the premises. Maybe you can help us out." Appellant contends that he interpreted this to mean that there was an immediate crisis in the neighborhood and that the police needed his support at that time. He subsequently took a bag which contained a shotgun to a group of police officers who were located a block away from his shop. He was arrested when they discovered that the bag contained a shotgun and that there were other weapons at his shop. He admitted at trial that none of the police officers had asked him to produce a firearm for their use.

On July 18, 1978, appellant was first tried on the charges of having had unlawful possession of firearms on these occasions and also of conspiring to violate federal law.

His wife, in whose name the weapons were registered, was also tried as a co-conspirator and was also charged with aiding and abetting the appellant in unlawfully obtaining possession of firearms. The district court declared a mistrial when the jury could not reach a verdict with respect to both appellant and his wife. At that trial, the district court instructed the jury regarding the defense of duress and coercion.

The appellant and his wife were subsequently tried again on the same charges, and, on July 31, 1978, the jury returned a verdict of guilty against the appellant for having had unlawful possession of firearms on the two occasions. He was acquitted on the charge of conspiring to violate federal law; his wife was acquitted of all of the charges against her.

During the second trial, the district court declined to instruct the jury as to the defense of duress and coercion.

## DISCUSSION

Appellant's primary contention on appeal is that the district court erred when, at the second trial, it refused to instruct the jury regarding the defense of duress and coercion. He contends that the court should have instructed the jury regarding this defense since he had submitted sufficient evidence at that trial to warrant the instruction and because, under the circumstances, he had presented a defense which was designed in justifiable expectation of that instruction. The evidence he submitted at trial consisted of appellant's testimony that during the altercation, he feared for his life when he took possession of the rifle. With respect to the incident which took place on December 15, 1977, appellant's evidence consisted of his testimony that the statements of one of the police officers who visited his shop that morning led him to believe that there was an emergency and that his assistance was needed. This evidence was presented at both trials. Appellant asserts that, at the second trial, he admitted having had possession of firearms because he expected that the court would grant his request for an instruction to the jury regarding the defense of duress and coercion.

■■■ A claim of duress and coercion constitutes a legal excuse for criminal conduct when, at the time the conduct occurred, the defendant was subject to actual or threatened force of such a nature as to induce a well-founded fear of impending death or serious bodily harm from which there was no reasonable opportunity to escape other than by engaging in the otherwise unlawful activity. *United States v. Housand*, 550 F.2d 818 (2d Cir.), *cert. denied*, 431 U.S. 970, 97 S.Ct. 2931, 53 L.Ed.2d 1066 (1977); *Shannon v. United States*, 76 F.2d 490, 493 (10th Cir. 1935). However, such a claim will not constitute a valid legal excuse when the defendant has recklessly or negligently placed himself in a situation in which it was probable that he would be subject to duress. Model Penal Code § 2.09(2) (Ten.Draft No. 1960); 22 C.J.S. Criminal Law § 44 at 136 (1961). Moreover, where a defendant fails to produce evidence which would support the defense of duress and coercion, the trial court is not required to instruct the jury on that defense. *United States v. Saettele*, 585 F.2d 307, 309 (8th Cir. 1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979); *United*

*States v. Wood*, 566 F.2d 1108 (9th Cir. 1977) (per curiam); *United States v. Michelson*, 559 F.2d 567, 568–69 (9th Cir. 1977); *United States v. Patrick*, 542 F.2d 381, 386 (7th Cir. 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977); *Shannon v. United States*, 76 F.2d 490, 493 (10th Cir. 1935).

■ It is clear from a review of the record below that the appellant failed to sustain his burden of producing sufficient evidence at trial to warrant an instruction to the jury on the defense of duress or coercion with respect to the charges that on two occasions he was found to have been in possession of firearms. Although appellant contends that he was compelled to use a rifle on the evening of May 27, 1977 because he was in the midst of a fight and felt that his life was in danger, appellant admitted that he initiated the altercation, which resulted in his seeking a weapon, by attempting to eject the three men from his shop. No evidence was submitted which would support the conclusion that he was compelled to take such action to eject those persons from his shop and could not have refrained from acting or could not have sought police or other assistance without exposing himself to immediate physical harm. Although he testified that there was "talk of gunplay" and vague threatening motions by one of the men involved, he did not see any weapons nor did he demand that they leave his shop. Instead, he leaped over the counter and attempted to physically force them to leave. By attempting to physically eject the three men from his shop which he alone was tending, appellant cause himself to be placed in a situation in which he could well have expected possible harm. There was no evidence that he thereafter retreated or attempted to retreat from the struggle prior to taking possession of the rifle. Therefore, having placed himself in such a potentially dangerous situation, appellant can hardly be heard to claim that the danger he encountered justified his unlawful conduct. He was not entitled to a jury instruction regarding the defense of duress and coercion.

The district court also was not required to instruct the jury on the defense of duress and coercion with respect to the charges relating to appellant's possession of a firearm on December 15, 1977. Appellant failed to produce any evidence which would support the conclusion that he was in danger of immediate and serious bodily harm at the time he engaged in unlawful conduct. The police officers who visited his shop that morning may have indicated that they were involved in a search for a dangerous person, but there was no evidence that appellant was in any actual or threatened danger of harm.

■ Appellant's remaining contention is that he was denied due process of law. He contends that the court had given an instruction during the first trial concerning duress and coercion and hence appellant had reason to expect a similar instruction during the second trial, yet, the court refused to so instruct the jury in the second trial. This argument must fail for the reason that appellant did not produce evidence at the second trial which warranted such an instruction. Although appellant may have conceded having had possession of firearms as charged in anticipation of this particular instruction, the district court was not required to instruct the jury regarding the subject defense based upon the evidence, and lack thereof, in the record of the second trial.

The judgment of the district court is affirmed.

OAKES, *Circuit Judge* (concurring):

I would reverse and remand on Count One, the count pertaining to possession of a Colt rifle on May 27, 1977, but affirm on Count Two, the count pertaining to possession of a shotgun and M–1 rifle on December 15, 1977, on the concurrent sentence doctrine.

While the question is a close one, there was evidence tending to support appellant's defense of coercion or duress on the first count. True, the jury could also have found constructive possession, but the count was

submitted to them on an alternative basis (actual or constructive possession) and hence I think we must assume that they found actual possession, which indeed is conceded. But on the second count they could properly have found either, and there was insufficient evidence of duress or coercion in a legal sense to warrant submission of the defense to the jury.