UNITED STATES of America, Appellee,

v.

Alfred F. CALFON, Appellant.

No. 1022, Docket 78–1367.

United States Court of Appeals,
Second Circuit.

Argued May 15, 1979.

Decided Oct. 3, 1979.

Daniel J. Sullivan, New York City (Murray, Hollander & Sullivan, New York City), for appellant.

Richard A. Mescon, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Howard W. Goldstein, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and CARTER, District Judge.*

PER CURIAM:

Alfred F. Calfon, a medical doctor, appeals from his conviction on a charge of distributing and causing the distribution of Tuinal, a controlled substance, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B), and 21 C.F.R. §§ 1308.12(e)(2) and 1308.12(e)(3). Calfon had been indicted on November 9, 1977, and the judgment of conviction was entered on October 5, 1978, after a jury trial before Judge Thomas P. Griesa in the United States District Court for the Southern District of New York. His defense was that he had given one prescription to a Drug Enforcement agent out of duress, in fear of the agent's size and manner. With one exception, the issues raised by Calfon on appeal are frivolous. For example, he challenges the admission at trial of similar acts evidence that was clearly relevant both as placing in context the transactions for which he was indicted and as demonstrating the existence of a definite project intended to facilitate completion of the crime charged. *United States v. O'Connor,* 580 F.2d 38, 41–42 (2d Cir. 1978); *United States v. Grady,* 544 F.2d 598, 604–05 (2d Cir. 1976). Similarly, the "cumulative" errors cited by Calfon as denying him a fair trial either were not error or were adequately cured by the district court. Finally, Judge Griesa's finding that Calfon lied during his trial testimony is amply supported by the record, and thus was properly taken into consideration in imposing sentence. *United States v. Grayson,* 438 U.S. 41, 53–55, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); *United States v. Hendrix,* 505 F.2d 1233 (2d Cir. 1974), *cert. denied,* 423 U.S. 897, 96 S.Ct. 199, 46 L.Ed.2d 130 (1975).

There would be no need to write an opinion in this case except for the district court's jury charge which raises a troubling issue. Appellant for the first time challenges here the jury instruction on the issue of duress as having erroneously placed upon

_____

* Of the Southern District of New York, sitting by designation.

the defendant the burden of proof. Judge Griesa charged as follows:

> Now, with respect to the second count relating to the transaction of May 12, the defendant poses the defense of duress. In order for the defendant to succeed on this defense, that is, to show that duress was a legal excuse for otherwise wrongful conduct, the defendant has the burden to satisfy you by a fair preponderance of the credible evidence that there was duress exercised upon him at the time of the issuance of the prescription, and that the duress was of such a nature as to induce an honest fear of immediate and impending danger of serious bodily harm, and that there was no reasonable escape from this danger without issuing the prescription.

After the jury had deliberated for approximately a day, they indicated that they were deadlocked. The district court read a modified *Allen* charge and requested that they continue to try to come to a decision. Shortly thereafter, the jury requested that the court explain that portion of the charge dealing with duress. Judge Griesa repeated the charge quoted and supplemented it with a traditional explanation of what is signified by the term "preponderance of the credible evidence." An hour later the jury returned its guilty verdict on the count to which the duress charge applied.

The Government responds to appellant's claim of error by noting that the charge was adapted from that given by the trial court in *United States v. Ordner*, a case in which the conviction was affirmed by this court. *United States v. Ordner*, 554 F.2d 24, 29 (2d Cir.), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). Although defense counsel, the Government and the district court all were of the view that *Ordner* legitimated the charge now in dispute, that reliance is misplaced. Admittedly, our opinion in *Ordner* made brief reference to the jury instruction on duress, but it neither quoted that portion of the charge nor addressed the specific question of the burden of proof. Thus *Ordner* provides insufficient support for the Government's position, and after thorough consideration of this issue we now hold that it was error for

the district court to place upon the defendant the responsibility of proving duress. At the same time, however, we find that this error does not fall into the category of "plain error" that may be noticed on appeal despite the absence of objection at the trial level.

First, it is clear that the duress charge did violate the federal practice of requiring the prosecutor to prove absence of duress by a preponderance of the evidence, *see United States v. Hearst*, 563 F.2d 1331, 1336 (9th Cir. 1977), *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978); *United States v. Johnson*, 516 F.2d 209, 212–13 (8th Cir.), *cert. denied*, 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975); *Johnson v. United States*, 291 F.2d 150, 155 (8th Cir.), *cert. denied*, 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961), once the defendant raises the defense and introduces substantial evidence to support it. *United States v. Carr*, 582 F.2d 242, 246 (2d Cir. 1978). For this purpose we assume that evidence of duress was substantial, and the defense properly raised.

In our view, however, this error did not rise to constitutional dimensions. The Supreme Court's most recent governing decision in this area, *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), adopts what some have viewed as an essentially formalistic approach to the question whether a particular defense must be disproved beyond a reasonable doubt by the Government because it involves a "fact necessary to constitute the crime" under *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). *See* Jeffries & Stephen, *Defenses, Presumptions, and Burden of Proof in the Criminal Law*, 88 Yale L.J. 1325, 1341–44 (1979). The controlling factor appears to be what facts the *legislature* chose to include as elements of an offense. *See* 432 U.S. at 206–07, 97 S.Ct. 2319. *See also Farrell v. Czarnetsky*, 566 F.2d 381, 382–84 (2d Cir. 1977) (Oakes, J., concurring), *cert. denied*, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978). Although the offense of distributing a controlled substance requires specific intent, 21 U.S.C. § 841(a), absence of duress is not thereby made an element of the crime. *See M'Growther's Case*, 168 Eng.Rep. 8 (1746);

W. LaFave & A. Scott, *Handbook on Criminal Law*, 374 (1972). While duress may have a firmer conceptual foundation in the law than insanity as an excuse for otherwise criminal conduct, *see* G. Fletcher, *Rethinking Criminal Law* §§ 10.4.2–10.4.4 (1978), with respect to burden of proof we think it equivalent for constitutional purposes to the insanity defense considered in *Patterson, supra,* 432 U.S. at 204–06, 97 S.Ct. 2319 (dictum).

Because we conclude that the error here was not a constitutional violation, *see* C. Wright, *Federal Practice and Procedure* § 856, at 375 (1969), and for other reasons as well, we do not find plain error in this case. A nonconstitutional error is generally less "substantial," within the meaning of Fed.R.Crim.P. 52(b), than a constitutional error, and to be plain error it must therefore "go to the very essence of the case," *United States v. Fontenot,* 483 F.2d 315, 322 (5th Cir. 1973); *but cf.* Note, *Harmless Error: The Need for a Uniform Standard,* 53 St. John's L.Rev. 541 (1979) (arguing for application of a uniform standard for harmless error in constitutional and nonconstitutional cases).

Second, this is a particularly inappropriate case in which to notice an error not objected to below. There are at least three purposes served by requiring an initial objection at trial: to permit the lower court to cure the defect (if it is curable); to encourage the trial court to grant the relief that the appellant requested (in the case of an incurable error) and thus render an appeal unnecessary; and to create a more complete record for resolution of the issue on appeal by gaining the benefit of the trial court's legal reasoning and factual explanation. The first purpose is probably the most compelling; and here the defect was certainly curable.

Finally, here the defense attorney made a conscious and open decision not to object to the jury instruction at issue.[1] This conscious decision not to object buttresses the conclusion that we should not notice the error in this case. We do not, however, regard this factor alone as determinative. The point is not that the attorney "waived" the objection, but that his conscious participation renders his failure to object less excusable than if he had unconsciously neglected to object. Also, in the former case a judge might more justifiably rely on counsel's affirmation that there are no legal defects in the charge.

Judgment of conviction affirmed.

---

1. When the district court was discussing with counsel the appropriate instruction on the duress issue, the following colloquy took place:

THE COURT: Why don't you give me that [the *Ordner* charge]. Basically, you are saying that it is a matter of defense and there is a burden of showing that on the defendant, is that right?

MR. MESCON [the prosecutor]: Yes.

THE COURT: Do you agree with that as a matter of law?

MR. FALLICK [defense counsel]: Yes, I do.

MR. MESCON: If I could Xerox this, I could give your Honor a copy. Perhaps I could give you this transcript and you can work with it.

THE COURT: All right. We will give it back. And you would request such a charge?

MR. FALLICK: Yes, as to Count 2 some language like that is fine.

Defense counsel thus actively participated in fashioning the jury instruction regarding duress.