UNITED STATES of America, Appellee,

v.

Pete MITCHELL, Defendant-Appellant.

No. 153, Docket 83–1165.

United States Court of Appeals, Second Circuit.

Argued Sept. 16, 1983.

Decided Dec. 29, 1983.

---

Sharon Blau, New York City (Frederick H. Cohn, Cohn & Blau, New York City, of counsel), for defendant-appellant.

Charles G. LaBella, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Barry A. Bohrer, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before FEINBERG, Chief Judge, and FRIENDLY and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

■ Pete Mitchell appeals his conviction for armed bank robbery, 18 U.S.C. §§ 2113(d) and 2 (1982), after a jury trial in the District Court for the Southern District of New York (Vincent L. Broderick, Judge). Mitchell primarily claims that the jury instructions on his duress defense erroneously obliged the Government to disprove the defense by only a preponderance of the evidence. We agree with this contention and hold that in federal trials, once a defendant introduces evidence sufficient to warrant a jury instruction on a duress defense, the Government must disprove at least one element of that defense beyond a reasonable doubt. However, since Mitchell presented insufficient evidence to create a jury issue as to duress, we affirm the judgment of conviction.

### I.

Mitchell was found guilty of participating in the armed robberies of three federally insured banks on October 4, 1982, October 28, 1982, and November 1, 1982.[1] The Government's evidence included the testi-

---

1. The jury acquitted Mitchell of robbing a fourth bank on October 7, 1982, and receiving proceeds from that robbery. Under the instructions, the jury returned no verdicts on the counts charging receipt of proceeds from the three robberies of which Mitchell was convicted. Judge Broderick chose not to submit a conspiracy count to the jury.

mony of four bank tellers, who each identified Mitchell as one of two robbers inside the bank at which the teller was employed; bank surveillance photographs of Mitchell participating in the October 28 and November 1 bank robberies; the testimony of Mitchell's two accomplices, Dwayne Glover, who entered the banks with Mitchell, and Walter Anderson, who acted as a lookout; and Mitchell's statement, made to agents of the Federal Bureau of Investigation shortly after his arrest on November 16, 1982, in which he admitted participating in the October 28 and November 1 bank robberies.

Mitchell testified in his own behalf that he did not participate in the October 4 bank robbery. Although he admitted participating in the other two bank robberies, he claimed Anderson and Glover procured his involvement by threatening him with physical injury. He testified that on October 28, 1982, after overhearing Anderson and Glover talk about money stashed in a room at the Stadium Hotel in the Bronx, he and a friend broke into that hotel room and unsuccessfully searched for the money. Two days later, according to Mitchell, Anderson accused him of stealing $3,000 and demanded that he return the money. Shortly thereafter, during a taxicab ride, Anderson told him that they were going to rob a bank, and that if he did not cooperate, Glover would shoot him. Mitchell also testified that some time later Anderson again threatened him and forced him to participate in another bank robbery. Mitchell did not report these alleged threats to law enforcement officials until after his arrest on November 16, 1982.

## II.

In telling the jury that the prosecution was required to disprove duress by only a preponderance of the evidence, Judge Bro-

derick quite understandably relied on language in *United States v. Calfon,* 607 F.2d 29 (2d Cir.1979) (per curiam), *cert. denied,* 444 U.S. 1085, 100 S.Ct. 1044, 62 L.Ed.2d 771 (1980). In *Calfon* we considered a jury instruction that placed the burden of proof on the *defendant* to prove a defense of duress by a fair preponderance of the evidence. Defendant had not objected to the charge at trial. We ruled that the charge was erroneous since it departed from "the federal practice of requiring the prosecution to prove absence of duress," *id.* at 30. However, we held that the error was not of constitutional magnitude and therefore did not warrant consideration on appeal as "plain error." In characterizing the federal practice of assigning the burden of proof to the prosecutor, we said that the prosecutor's burden required proof by a preponderance of the evidence. *Id.* Cited for this statement were *United States v. Hearst,* 563 F.2d 1331, 1336 (9th Cir.1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978); *United States v. Johnson,* 516 F.2d 209, 212–13 (8th Cir.), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975); and *Johnson v. United States,* 291 F.2d 150, 155 (8th Cir.), *cert. denied,* 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961). While the cited cases supported our assignment of the burden of proof to the prosecution, they did not support our dictum concerning the degree of proof required. To whatever extent these cases considered the degree of proof, they held or at least implied that the standard was proof beyond a reasonable doubt.[2] Since the issue presented in *Calfon* concerned only allocation of the burden and not the degree of required proof, we believe the matter of degree of proof warrants further consideration, now that the issue is pointedly called to our attention.

**2.** In *United States v. Hearst, supra,* 563 F.2d at 1336 n. 2, the Court noted that the prosecution must prove sanity beyond a reasonable doubt and then stated that "the same considerations apply to the even rarer defense of duress," citing *Regina v. Gill,* [1963] 1 W.L.R. 841, 846 (Crim.App.), and the Model Penal Code § 2.09, comment at 8–9 (Tent. Draft No. 10, 1960). In *United States v. Johnson, supra,* 516 F.2d at 212–13, and in *Johnson v. United States, supra,* 291 F.2d at 155–57, the courts ruled that no objection had been made concerning the allocation of the burden of proof; in both cases the courts viewed the charge as assigning the prosecutor a burden of proof beyond a reasonable doubt, deeming the prosecutor's burden to prove willfulness to encompass a burden to disprove duress.

Mitchell contends that disproving duress beyond a reasonable doubt is required by the Due Process Clause. Arguing from the premise that due process requires the prosecution to disprove beyond a reasonable doubt defenses that negate essential elements of a crime, *see Patterson v. New York,* 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 705–06, 95 S.Ct. 1881, 1892–93, 44 L.Ed.2d 508 (1975) (Rehnquist, J., concurring), he asserts that the absence of duress is an essential element of a specific intent crime like bank robbery. In his view, the willfulness and deliberate intention to disregard the law, subsumed under "specific intent," cannot exist when a defendant acts because of duress.

▆ Whether duress is inconsistent with specific intent raises broad philosophical issues concerning the nature of voluntary action for purposes of criminal responsibility and the appropriate conditions for holding a person morally blameworthy. Some view duress as precluding the *mens rea* required for criminal culpability. *See People v. Condley,* 69 Cal.App.3d 999, 1011–12, 138 Cal.Rptr. 515, 521–22, *cert. denied,* 434 U.S. 988, 98 S.Ct. 619, 54 L.Ed.2d 483 (1977); Perkins, *The Doctrine of Coercion,* 19 Iowa L.Rev. 507 n. 1 (1934).[3] However, others contend that duress does not preclude a finding of the voluntariness required for criminal responsibility because the defendant, though motivated by an impulse to save himself or another from serious harm, nonetheless forms an intention to commit a crime and chooses to act upon that intention. *See* G. Williams, *Criminal Law* § 240 at 751 (2d ed. 1961); 2 J. Stephen, *History of Criminal Law* 101–04 (1883).[4] In reflecting on these competing views, we do well to bear in mind the Supreme Court's observation that "[t]he doctrines of *actus reus, mens rea,* insanity, mistake, justification, and duress have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man," *Powell v. Texas,* 392 U.S. 514, 536, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968). That thought counsels against constitutionalizing any particular formula for disproving the defense of duress. Apparently on such considerations the Supreme Court has refrained from construing the Constitution to impose burden of proof rules upon the states concerning the insanity defense. *See Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976) (dismissing for want of substantial federal question appeal from Delaware decision placing burden of proving insanity on defendant); *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (affirming conviction obtained under similar rule in Oregon).[5]

**3.** This view is consistent with a deterrence theory of criminal sanctions for an individual deprived of free will cannot be deterred by the likelihood of future punishment. *See* Model Penal Code § 2.09, comment at 5–7. *But see* 2 J. Stephen, *History of Criminal Law* 107 (1883).

**4.** The view that an act done under duress is nevertheless willful and voluntary derives some support from the restrictive Anglo-American treatment of the duress defense. At common law, duress was no defense to the crime of murder. *See, e.g., Arp v. State,* 97 Ala. 5, 12 So. 301 (1893); *State v. Nargashian,* 26 R.I. 299, 58 A. 953 (1904). Blackstone contended that a person under duress ought to choose "rather to die himself than escape by the murder of an innocent." 4 W. Blackstone, *Commentaries* *30.

Some states still do not recognize a defense of duress for certain crimes, such as crimes punishable by death, *e.g.,* Cal.Pen.Code § 26(7) (West Supp.1980); Idaho Code § 18–201(4) (1979), or even most serious offenses, *e.g.,* Colo.Rev.Stat. § 18–1–708 (1978) (murder in the first degree); Iowa Code Ann. § 704.10 (West 1979) (intentional or reckless act causing physical injury); Ky.Rev.Stat. § 501.090 (1975) (intentional homicide). However, some states allow duress as a defense to any crime, *see, e.g.,* Conn.Gen.Stat. § 53a–14 (1979); N.Y.Penal Law § 40.00 (McKinney 1975).

**5.** Of course, the absence of a constitutional requirement upon the states in the administration of criminal justice does not necessarily preclude a constitutional requirement binding in federal criminal trials. *See Johnson v. Louisiana,* 406 U.S. 356, 369, 369–77, 92 S.Ct. 1620, 1637–41, 32 L.Ed.2d 152 (1972) (Powell, J., concurring in *Apodaca v. Oregon,* 406 U.S. 404, 414, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184 (1972)) (unanimous jury verdicts).

Apart from constitutional concerns, several considerations lead us to conclude that in federal criminal trials the Government's burden in disproving at least one element of duress should be proof beyond a reasonable doubt. There is a grave possibility of juror confusion if a jury is instructed, on the one hand, that the prosecution must prove all elements of the crime, including willfulness, beyond a reasonable doubt, and, on the other hand, that the prosecution need only disprove duress by a preponderance of the evidence. Such instructions can create an unacceptable risk that the jury will accept a preponderance of the evidence as sufficient to satisfy the Government's burden of proving willfulness beyond a reasonable doubt. Moreover, a reasonable doubt standard for duress will lessen the risk that a jury will convict solely because of failure of a defense, a consideration we have previously stressed in formulating federal rules of practice for jury instructions. *See United States v. Burse,* 531 F.2d 1151, 1153 (2d Cir.1976) (reversible error in federal prosecution to refuse defendant's request for a jury instruction that, even if alibi witnesses are disbelieved, burden of proof remains with the Government); *see also United States v. Corrigan,* 548 F.2d 879, 881 (10th Cir.1977) (self-defense). We are not persuaded that juror confusion may be avoided simply by adding an admonition that, regardless of whether the jury disbelieves the duress evidence, the burden remains on the Government to establish every element of the crime beyond a reasonable doubt.

Furthermore, we see no reason peculiar to the duress defense warranting departure from the general federal practice that once a criminal defendant satisfies an initial burden of producing sufficient evidence to warrant submission of a substantive defense to the jury, the prosecution must disprove at least an element of that defense beyond a reasonable doubt.[6] *See United States v. Read,* 658 F.2d 1225, 1236 (7th Cir.1981) (withdrawal); *United States v. Corrigan, supra,* 548 F.2d at 882 (self-defense); *United States v. Carr,* 582 F.2d 242, 246 (2d Cir.1978) (lack of authorization); *United States v. Alexander,* 471 F.2d 923, 941–47 (D.C.Cir.) (provocation), *cert. denied,* 409 U.S. 1044, 93 S.Ct. 541, 34 L.Ed.2d 494 (1972); *United States v. Rosner,* 485 F.2d 1213, 1221–22 (2d Cir.1973) (entrapment), *cert. denied,* 417 U.S. 950, 94 S.Ct. 3080, 41 L.Ed.2d 672 (1974); *United States v. Currier,* 405 F.2d 1039, 1042 (2d Cir.) (insanity), *cert. denied,* 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228 (1969); *see also Patterson v. New York, supra,* 432 U.S. at 231, 97 S.Ct. at 2338 (Powell, J., dissenting).

For these reasons we agree with the Eighth and Ninth Circuits that once the defense of duress is sufficiently placed in issue by the defendant, the prosecution must disprove the defense beyond a reasonable doubt. *United States v. Campbell,* 609 F.2d 922, 925 (8th Cir.1979), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980); *United States v. Hearst, supra,* 563 F.2d at 1336 n. 2. This standard of proof is endorsed by the Model Penal Code §§ 1.13, 2.09 (final draft 1962); *id.* § 2.09, comment at 8–9 (Tent.Draft No. 10, 1960), and has been recommended to federal trial judges, *see* 1 Devitt & Blackmar, *Federal Jury Practice and Instructions,* § 14.16 (3d ed. 1977).[7]

■ However, though the instruction on duress was erroneous, it does not require reversal because Mitchell failed to present sufficient evidence to put the defense in

---

6. At common law, the defendant generally had the burden of persuasion as to all "defensive" issues. Fletcher, *Two Kinds of Legal Rules: A Comparative Study of Burden-of-Persuasion Practices in Criminal Cases,* 77 Yale L.J. 880, 903 (1968); 4 W. Blackstone, *Commentaries* *201. The trend in federal courts requiring the prosecution to bear the risk of non-persuasion with regard to substantive defenses began with *Davis v. United States,* 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895).

7. Several states require the prosecution to disprove duress beyond a reasonable doubt, *e.g., People v. Aldridge,* 65 Ill.App.3d 995, 22 Ill.Dec. 655, 659, 383 N.E.2d 19, 23 (1978); *Commonwealth v. Robinson,* 382 Mass. 189, 415 N.E.2d 805 (1981); *People v. Field,* 28 Mich.App. 476, 478, 184 N.W.2d 551, 552 (1970); *Esquibel v. State,* 91 N.M. 498, 501, 576 P.2d 1129, 1132 (1978); *Moes v. State,* 91 Wis.2d 756, 284 N.W.2d 66, 71 (1979). *But see* N.Y.Penal Law §§ 25.00 and 40.00 (McKinney 1975); *State v. Toscano,* 74 N.J. 421, 378 A.2d 755, 765 (1977).

issue. Unless a defendant submits sufficient evidence to warrant a finding of duress, the trial court is not required to instruct the jury on that defense. *United States v. Agard,* 605 F.2d 665, 667 (2d Cir. 1979); *United States v. Michelson,* 559 F.2d 567, 568–71 (9th Cir.1977); *United States v. Patrick,* 542 F.2d 381, 386 (7th Cir.1976); *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977); *Shannon v. United States,* 76 F.2d 490, 493–94 (10th Cir.1935). We have previously articulated the elements of the duress defense:

> A claim of duress and coercion constitutes a legal excuse for criminal conduct when, at the time the conduct occurred, the defendant was subject to actual or threatened force of such a nature as to induce a well-founded fear of impending death or serious bodily harm from which there was no reasonable opportunity to escape other than by engaging in the otherwise unlawful activity.

*United States v. Agard, supra,* 605 F.2d at 667; *accord, United States v. Housand,* 550 F.2d 818, 824 (2d Cir.), *cert. denied,* 431 U.S. 970, 97 S.Ct. 2931, 53 L.Ed.2d 1066 (1977). A defendant must present some evidence on all of the elements of the defense. *United States v. Patrick, supra,* 542 F.2d at 388.

With respect to the October 28 robbery, Mitchell failed to submit evidence that at the time of the crime he was subject to any actual or threatened force. According to his testimony, he was first threatened by Anderson *after* the October 28 bank robbery. Events surrounding a post-robbery incident could form no basis for a defense to that robbery. Even if Anderson's alleged threats preceded both the October 28 and the November 1 robberies, Mitchell offered no testimony to support the element of a lack of a reasonable opportunity to escape the threatening situation other than by engaging in the unlawful activity.[8] *See United States v. Agard, supra,* 605 F.2d at 667. According to his testimony, Mitchell was not in constant company with his alleged coercer in the

days prior to either robbery. His evidence failed to put in issue any circumstance that would have precluded an attempt to take reasonable steps to remove himself from any perceived or apparent danger, *United States v. Patrick, supra,* 542 F.2d at 388, or to complain to law enforcement authorities.

Under these circumstances, the District Judge would have been justified in not submitting the duress charge to the jury. Submitting the charge gave Mitchell an opportunity to be acquitted on the basis of a defense to which he was not entitled. Moreover, our review of the record persuades us that the risks that might arise from an incorrect statement as to the degree of proof required of the Government caused no prejudice in this case. Under the circumstances the jury instruction was harmless error.

The judgment of conviction is affirmed.

---

8. Glover's testimony, on which Mitchell relies, does not support a duress defense to either the October 28 or the November 1 robbery. Glover testified that *after* the November 1 robbery, Anderson threatened to kill Mitchell because he thought Mitchell had stolen some of the robbery proceeds.