107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Julio ALBIZU, Defendant-Appellant.
 No. 96-1618.
 United States Court of Appeals, Second Circuit.
 Feb. 10, 1997.
 
 APPEARING FOR APPELLANT: MARTIN R. STOLAR, ESQ. NEW YORK, NEW YORK
 APPEARING FOR APPELLEE: BERNADETTE MIRAGLIOTTA, ESQ. ASSISTANT UNITED STATES ATTORNEY, NEW YORK, EASTERN DISTRICT OF NEW YORK
 Present: WALKER, Jr., PARKER, HEANEY,* Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Gleeson, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Defendant-appellant Julio Albizu ("Albizu") appeals from a judgment of the district court (1) convicting him, following a jury trial, of importing approximately 400 grams of heroin into the United States in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(A), and of possessing with the intent to distribute this heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (2) sentencing him to 63 months' imprisonment, to be followed by a four year term of supervised release, and a $200 special assessment. Albizu appeals the conviction on the ground that the district court improperly precluded the introduction of evidence and argument concerning Albizu's duress defense. Albizu also appeals his sentence on the grounds, inter alia, that (1) he was improperly given an enhancement for obstruction of justice pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1; (2) he was improperly denied a sentence reduction for acceptance of responsibility pursuant to USSG § 3E1.1; (3) he was improperly denied a sentence reduction pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f); and (4) he was improperly denied a downward departure on the basis of his incomplete coercion defense.
 
 
 3
 We turn first to Albizu's contention that the district court improperly excluded his duress evidence. When a district court determines that a defendant's duress defense fails as a matter of law, we review that decision de novo. See United States v. Smith, 63 F.2d 956, 965 (10th Cir.1995). To establish a claim of duress sufficient to excuse participation in criminal conduct, a defendant must show that "(a) at the time of his conduct he was subjected to actual or threatened force, (b) the force or threat was of such a nature as to induce a well-founded fear of impending death or serious bodily harm, and (c) there was no reasonable opportunity to escape from the force or threat other than by engaging in the otherwise unlawful activity." United States v. Villegas, 899 F.2d 1324, 1343-44 (2d Cir.1990). A defendant who has not presented sufficient evidence as to each of these elements is not entitled to have the defense submitted to the jury, id. at 1344, and such a determination is appropriately made prior to trial, see United States v. Bakhtiari, 913 F.2d 1053, 1057 (2d Cir.1990). The rationale for permitting the pre-trial evaluation of a defendant's defense is well established: "Where the evidence to be presented would be insufficient as a matter of law ... no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter." See Villegas, 899 F.2d at 1343.
 
 
 4
 Viewing the evidence presented during the pre-trial hearing in the light most favorable to the defendant, we agree with the district court that Albizu failed to establish a legally sufficient duress defense. In particular, we agree with the district court's conclusion that Albizu was unable to offer any plausible argument that "there was no reasonable opportunity to escape other than by engaging in the otherwise unlawful activity." United States v. Mitchell, 725 F.2d 832, 837 (2d Cir.1983) (quoting United States v. Agard, 605 F.2d 664, 667 (2d Cir.1979)); see also United States v. Podlog, 35 F.3d 699, 704 (2d Cir.1994) (referring to the "distinct element of lack of a reasonable opportunity to escape the threatening situation") (internal quotations omitted). Indeed, the record shows just the opposite. For example, before he had completed the crime of heroin importation, Albizu was presented with the opportunity to escape the threatening situation by reporting the crime to airline personnel. We note that unlike the defendants in United States v. Alicea, 837 F.2d 103 (2d Cir.1988), Albizu did not assert that the threat of bodily harm continued while he was in flight. Although he may have been physically unable, once aboard the plane, to abandon the ingested-heroin, Albizu--by alerting proper authorities--could have abandoned the mens rea required for heroin importation, and thus, avoided engaging in criminal conduct. He also could have reported the crime to U.S. Customs or Immigration officials before being admitted to the United States. He did none of those things. Accordingly, we agree with the district court that there were several reasonable opportunities to escape the threatened harm, and that the defendant's failure to avail himself of those opportunities--"whether by flight or by seeking the intervention of the appropriate authorities," Alicea, 837 F.2d at 106,--rendered his duress defense legally insufficient. Accordingly, we affirm the district court's refusal to allow Albizu to present that defense to the jury.
 
 
 5
 We note additionally that we have previously held that the refusal to allow a defendant to present a legally insufficient defense does not constitute a deprivation of his Fifth Amendment right to testify in his own behalf. See Alicea, 837 F.2d at 107. We again reject this argument. We also reject Albizu's argument that the preclusion of the duress defense violated Albizu's Sixth Amendment right to a jury trial: a defendant simply has no constitutional right to present a jury with legally insufficient evidence. See United States v. Bailey, 444 U.S. 394, 416 (1980).
 
 
 6
 We now turn to Albizu's sentencing arguments, the first of which is Albizu's contention that the district court improperly enhanced his sentence for obstruction of justice pursuant to § 3C1.1 of the Sentencing Guidelines. In this context, we have recently explained that "[w]e review for clear error the determination as to what the defendant meant by his words, and how a listener would reasonably interpret those words. Whether the facts on which the sentencing court relied constitute obstruction of justice under § 3C1.1 is a question of law subject to de novo review." United States v. Sisti, 91 F.3d 305, 313-14 (2d Cir.1996) (citations and internal quotations omitted).
 
 
 7
 In the present case, the district court enhanced Albizu's sentence for obstruction of justice based on its finding that Albizu (1) proffered to the district court, prior to trial and through his attorney, materially false information concerning the facts underlying Albizu's duress defense; and (2) testified falsely at trial to a substantial portion of the events alleged. See Appendix for the United States at 47-50. Both perjury, which in this context has been defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory," United States v. Dunnigan, 507 U.S. 87, 94 (1993), and "providing false information to a judge or magistrate," are appropriate grounds on which to base an enhancement for obstructing justice. See USSG § 3C1.1, comments. (n.3(b)), (n.3(f)).
 
 
 8
 The record reveals that the district court did not abuse its discretion with respect to either ground for imposing the obstruction of justice enhancement. In particular, the district court acted well within its discretion in concluding that both pretrial (through Albizu's proffered duress testimony), as well as during trial, where Albizu testified about the circumstances under which he travelled to and returned from Colombia, Albizu presented false information and testimony with respect to a material issue--namely, Albizu's intent to commit the crimes charged.
 
 
 9
 We note additionally that, given our agreement with the district court's finding that defendant obstructed justice by, inter alia, providing false information about his participation in the crime charged, we agree that the district court properly declined to reduce Albizu's sentence under the "safety valve" provision set forth in 18 U.S.C. § 3553(f). The "safety valve" provision explicitly requires, as a prerequisite to its application, that "not later than the time of the sentencing hearing, the defendant has truthfully provided the Government all information and evidence the defendant has concerning the offense or offenses...." 18 U.S.C. § 3553(f); see also USSG § 5C1.2. In the present case, the district court found, and we agree, that Albizu did not provide such information, and thus, was not entitled to a reduction pursuant to 18 U.S.C. § 3553(f).
 
 
 10
 Albizu also argues that the district court improperly denied him a reduction for acceptance of responsibility pursuant to § 3E1.1, which provides for such a reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1. "Whether there has been an acceptance of responsibility is a fact-question and the circuit court will not reverse a district court's finding on this issue unless it is without foundation." United States v. Giwah, 84 F.3d 109, 112 (2d Cir.1996) (citation and internal quotations omitted). We do not believe the district court's refusal to depart downward was "without foundation." Although Albizu argues that he has consistently admitted to having engaged in the conduct charged in the indictment--e.g., the importation and possession of heroin--he has also vociferously denied personal responsibility for that conduct. As the district court explained during sentencing: "He hasn't accepted responsibility. He testified that he brought the drugs into the country because he was forced to do it, he was coerced to swallow them." Brief and Appendix for the United States at 21. We agree.
 
 
 11
 Finally, Albizu's argument that the district court erred in refusing to grant a downward departure on the basis of Albizu's imperfect coercion defense, is not reviewable on appeal. See United States v. Ritchey, 949 F.2d 61, 63 (2d Cir.1991) (per curiam) (district court's decision not to grant a downward departure is only appealable where the sentencing court mistakenly believed it lacked the authority to depart).
 
 
 12
 We have carefully considered Albizu's remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.
 
 
 13
 (1) he was improperly given a two-point enhancement for obstruction of justice; (2) he was improperly denied a three-point reduction for acceptance of responsibility; (3) he was entitled to the "safety valve provision" of 18 U.S.C. 3553(f); and (4) he was improperly denied a downward departure on the basis of his incomplete coercion defense.
 
 
 14
 With respect finding that Albizu provided materially false information to the district court in the form of his proffered duress defense,
 
 
 15
 of perjury, we are satisfied that the district court's finding "encompass[ed] all of the factual predicates for a finding of perjury." Dunnigan, 707 U.S. at 95.
 
 
 16
 We thus find that Albizu's agree, in short, that the facts relied upon by the district court establish that Albizu obstructed justice, or, at the very least, aided and abetted the instruction of justice through proffered testimony, see § 3C1.1, comments. (n.7), and, accordingly, that his sentence was properly enhanced pursuant to § 3C1.1.
 
 
 
 *
 The Honorable Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit, sitting by designation