United States v. Opide

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT:
   ROBERT A. KATZMANN,
       *Chief Judge,*
   JOSÉ A. CABRANES,
       *Circuit Judge,*
   RICHARD M. BERMAN,
       *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

   *Appellee,*

  v.          No. 13-1072

MOSES OPIDE, a/k/a PAUL,

   *Defendant-Appellant.*

_____

_____

[*] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

For Appellant:                                    Winston Lee, New York, NY.

For Appellee:                                      Alexander J. Wilson, Jennifer G. Rodgers, Assistant
                                                   United States Attorneys, *for* Preet Bharara, United
                                                   States Attorney for the Southern District of New
                                                   York, New York, NY.

Appeal from a judgment of conviction imposed by the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and is hereby **AFFIRMED**, but the cause **REMANDED** for the limited purpose of correcting clerical errors in the judgment.

Defendant-Appellant Moses Opide appeals a judgment of conviction entered by the district court on March 18, 2013, following a jury trial. Opide was judged guilty of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.[1] Opide contends that the district court committed reversible error in declining to give the jury an instruction regarding the defense of duress, and that the district court exacerbated that error by instructing the jury that the defense was unavailable as a matter of law. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review Opide's claim that the jury instructions were erroneous *de novo*, "reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Aina–Marshall*, 336 F.3d 167, 170 (2d Cir. 2003). Because we conclude that the district court

---

[1] The March 18, 2013, judgment of conviction entered by the district court mistakenly identified Count One as a violation of 18 U.S.C. § 1344, rather than 18 U.S.C. § 1349, and Count

2

committed no error in determining that the defense of duress was unavailable as a matter of law, we affirm.

To successfully raise the legal defense of duress to excuse criminal conduct, the defendant must show "(1) a threat of force directed at the time of the defendant's conduct; (2) a threat sufficient to induce a well-founded fear of impending death or serious bodily injury; and (3) a lack of a reasonable opportunity to escape harm other than by engaging in the illegal activity." *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005). As to the last of these elements, we have held that "[w]here there is reasonable opportunity to escape the threatened harm, the defendant must take reasonable steps to avail himself of that opportunity, whether by flight or by seeking the intervention of the appropriate authorities." *United States v. Bakhtiari*, 913 F.2d 1053, 1058 (2d Cir. 1990) (internal quotation marks omitted).

The district court properly concluded that Opide had failed to present any evidence that he had no reasonable opportunity to escape from the alleged threat made against him. At trial, Opide testified that he was once threatened with violence should he refuse to participate in the criminal activity of which he was convicted and that the person who threatened him would occasionally call him to indicate that he was being watched, but offered no further evidence of additional threats of imminent violence. We note that the charged conspiracy spanned more than a year, during which time Opide was presented with manifold opportunities to either flee or seek the assistance of the police. Similarly, testimony regarding Opide's aggravated identity theft revealed that he was presented with numerous opportunities to escape harm. Consequently, the

Two as a violation of 18 U.S.C. § 1023A, rather than 18 U.S.C. § 1028A. Accordingly, we remand the cause for the limited purpose of correcting these clerical errors.

3

district court committed no error in concluding that Opide failed to offer sufficient evidence to show that he lacked a reasonable opportunity to escape the threatened harm. *See Gonzalez*, 407 F.3d at 122 (holding that the "subjective belief that going to the police would have been futile" is insufficient to demonstrate the lack of a reasonable alternative to breaking the law); *United States v. Alicea*, 837 F.2d 103, 105–07 (2d Cir.1988) (holding that defendants' failure to take any steps during a twenty-minute window prior to boarding a plane and during the nine-hour flight thereafter did not meet the requirement that they take reasonable attempts to extricate themselves from danger); *United States v. Mitchell*, 725 F.2d 832, 837 (2d Cir. 1983) (finding that a period of a few days during which the defendant "was not in constant company with his alleged coercer" prevented the defendant from satisfying the element of a lack of reasonable opportunity to escape).

Because the defendant was required to make a showing as to each element of the duress defense, *see Gonzalez*, 407 F.3d at 122, but failed to make a showing as to the last element of the defense, the district court committed no error in refusing to submit the defense to the jury. Likewise, it was not error for the district court to instruct the jury that the defense of duress was unavailable as a matter of law and that Opide's testimony regarding his duress should not be considered in their deliberations. *See United States v. Caban*, 173 F.3d 89, 94 (2d Cir. 1999).

We have considered the defendant's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED** and the cause **REMANDED** for the limited purpose of correcting clerical errors in the judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4