OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by vacating the conviction for felony murder and remitting that count to County Court, Nassau County, for a new trial, and, as so modified, affirmed.
Our disposition is not, as viewed by the dissenter, based on the refusal of the trial court to charge in accordance with the specific requests made by defense counsel. Rather it is predicated on the persistent refusal of the trial court (to which defense counsel registered timely protest) to charge the jury in any way as to the effect of any police custody or arrest of either participant as related to the felony murder count. As we said in People v Gladman (41 NY2d 123, 129), "the issue of whether the homicide occurred in 'immediate flight’ from a felony is only rarely to be considered as a question of law for resolution by the court. * * * Rather, the question is to be submitted to the jury, under an appropriate charge.” Thus, defendant was entitled to have the jury instructed as to the significance, if any, to be attached to police custody or arrest of either participant, if the jury concluded that there was such custody or arrest. To the extent that by refusing to give such a charge the court determined as a matter of law that any police custody or arrest was irrelevant, it was error.
We have examined defendant’s other contentions and find them to be without merit.