THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HURLEY ROBINSON, Appellant.

Fourth Department, December 17, 1982

APPEARANCES OF COUNSEL

*Edward J. Nowak, Public Defender (Peter Braun* of counsel), for appellant.

*Donald O. Chesworth, District Attorney (Kenneth Fisher* of counsel), for respondent.

### OPINION OF THE COURT

SCHNEPP, J.

We pass on the question whether the removal of an integral part from a stolen object constitutes larceny of the part. Defendant was indicted for, and convicted of, the crime of grand larceny in the third degree (Penal Law, §§ 20.00, 155.30, subd 1) because of his involvement in the theft of the tires and wheels from a new 1977 Lincoln Continental.

The People presented testimony at trial that on May 31, 1977 the car was discovered missing from the premises of its owner, Volpe Motors, an automobile dealer at 737 East Main Street, Rochester, New York. When it was last observed there at 9:00 P.M. on May 30, 1977, it was equipped with five Michelin steel-belted radial tires and standard wheels with a value of at least $750. Later in the day on

May 31, the vehicle, with its tires and wheels removed, was found on the Wilson Boulevard extension in Genesee Valley Park near the railroad tracks some distance from the dealer's place of business. The defendant, who was implicated in the theft by his fingerprints which were found on the "fender skirts", denied to the police that he had taken part in the theft but admitted that, knowing the car had been stolen, he had assisted two friends in the removal of the wheels and tires from the car.

On this appeal defendant claims that there is no evidence connecting him with the theft of the car and that his subsequent contact with the tires and wheels does not constitute grand larceny. We agree that the evidence was insufficient to connect defendant with the theft of the car and to establish the elements of larceny as defined by the Penal Law.

Larceny occurs when a person, who has the intent to deprive another of property or to appropriate the same to himself or to a third person, exercises dominion and control over it in a manner which is wholly inconsistent with the continued rights of the owner (see Penal Law, § 155.05; see, also, *People v Olivo,* 52 NY2d 309; *People v Alamo,* 34 NY2d 453). Larcenous behavior is evinced under the facts here by the taking of the car from its rightful owner. There is no question that the possession of the entire vehicle after it was removed from Volpe's premises must be deemed an exercise of dominion and control inconsistent with the owner's continued rights, and that as a matter of law, these circumstances establish a taking. Thus, it is apparent that the larceny of the car, and hence its tires and wheels, was accomplished and complete when the car was removed from the premises.

The only evidence supporting the People's contention that defendant was an accomplice to the commission of the theft was circumstantial, consisting of defendant's admission that he assisted his friends in removing the tires and wheels from the stolen car. Section 20.00 of the Penal Law makes any person "criminally liable" for an offense committed by another "when, acting with the mental culpability required for the commission thereof, he * * * intentionally aids such person to engage in such conduct." A person

is not an accomplice "merely on the basis that, in retrospect, we may say that in an objective sense this person was helpful or of use to the actual perpetrator of the crime. There is a subjective element as well * * * 'An aider and abettor must share the intent or purpose of the principal actor, and there can be no partnership in an act where there is no community of purpose.'" (*People v La Belle,* 18 NY2d 405, 412, construing analogous provisions of former Penal Law, § 2; see, also, *People v Monaco,* 14 NY2d 43, 46.)

The People's evidence in the case at bar does not lead to the inference that defendant had knowledge of his friends' intent to steal the car and that he acted with them in a "community of purpose". The only evidence presented was that he became involved after the theft had been completed; nothing indicates that he knew that the theft was to occur before it happened. Indeed his involvement occurred after the car had been transported some distance from the scene of the theft. Although defendant knew that the car had been stolen, the proof establishes only his intent to aid his friends in removing the tires and wheels, not to assist them in stealing the vehicle (see *People v Fucci,* 57 AD2d 559). The defendant helped to "dispose" of the "fruits" of the crime which had already been committed. He was an accessory after the fact who cannot be convicted as a principal because his intent was formed and his act done after the underlying crime had been completed (see *People v Galbo,* 218 NY 283; see, also, *People v Cobos,* 57 NY2d 798).

The crime which fits defendant's intent and degree of participation is criminal possession of stolen property in the second degree which could have been charged with larceny in the same indictment (see Penal Law, § 165.60; see, also, Hechtman, 1976 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 165.60, p 92, 1982-1983 Pocket Part). "A person is guilty of criminal possession of stolen property in the second degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof," and when the value of the property exceeds $250 (Penal Law, § 165.45, subd 1). Although the proof presented

at trial was sufficient to establish all the elements of this crime (see *People v Colon,* 28 NY2d 1, cert den 402 US 905; *People v Rivello,* 39 App Div 454), defendant was not charged with it and it is not a lesser included offense of grand larceny.

Accordingly, since the proof was insufficient to establish defendant's guilt of the crime charged or any lesser included offense, the judgment of conviction should be reversed and the indictment should be dismissed (see CPL 470.15, subd 2).

DILLON, P. J., DOERR, DENMAN and MOULE, JJ., concur.

Judgment unanimously reversed, on the law and facts, and indictment dismissed.