OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*983 On the morning of May 31, 1977, an employee of Volpe Motors in Rochester discovered that a new Lincoln Continental had been taken from the repair shop, where it was being readied for delivery. Later in the day the police found the car on a local street some distance from the dealer’s place of business. Missing from the car were its wheels and tires, which had an aggregate value of $750. Defendant was arrested after the police found his fingerprints on the rear fender skirts. According to defendant’s statement, he did not participate in the theft but, knowing the car had been stolen the night before from Volpe Motors, he helped two friends remove the wheels and tires and load them into their automobile. In an indictment charging grand larceny in the third degree, defendant was accused of stealing the wheels and tires. At trial, the People offered no evidence connecting defendant with theft of the car. The jury found defendant guilty of grand larceny.
The Appellate Division reversed the conviction and dismissed the indictment, concluding that while defendant might have been guilty of criminal possession of stolen property, the evidence was insufficient to establish that he committed larceny. The Appellate Division’s reversal having been “on the law and facts,” our review is of course limited to the propriety of its legal conclusions.* The Appellate Division ruled as a matter of law that the larceny of the car, including its wheels and tires, was complete when dominion and control of the car were assumed, and that there was insufficient evidence to establish defendant’s guilt for this crime. These legal conclusions being correct, we affirm.
A person commits larceny when, “with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.” (Penal Law, § 155.05, subd 1.) Where a larceny is committed by trespassory taking, a thief’s responsibility for the crime is not diminished because his act of carrying away the loot (asportation) is frustrated at an early stage. Thus, a shoplifter who exercises dominion and control over the goods wholly *984 inconsistent with the continued rights of the owner can be guilty of larceny even if apprehended before leaving the store (People v Olivo, 52 NY2d 309), a car thief who starts the car can commit larceny before he actually drives the automobile away (People v Alamo, 34 NY2d 453), and a pickpocket can be guilty of larceny even though his removal of the victim’s possessions is interrupted before completion (Harrison v People, 50 NY 518). By the same token, one who learns of a larceny while it is in progress and assists its perpetrator cannot avoid accomplice liability merely because such participation occurs after the principal, for purposes of his own liability, has technically completed the crime. (United States v Barlow, 470 F2d 1245.)
The Appellate Division did not misapply these principles. Contrary to the view urged upon us by the People, the court did not decide, as a matter of law, that a larceny is complete for all purposes when the principal’s liability attaches. The court simply decided that in this case asportation — whether of the car, or of the wheels and tires — had ceased before defendant’s involvement. Where defendant first became involved the day after theft of the car, where the original perpetrators were not being pursued in the act of carrying away the loot, and where the removal of the wheels and tires took place some distance from the dealership, we cannot say that the court below was incorrect in its conclusion that asportation had ceased before defendant’s involvement.
The dissent reasons that if the original perpetrators intended only to steal the wheels and tires, the larceny would not be complete until these components were removed from the car. Under the proposed new rule of law, a larceny of parts can never be complete until they are removed from the whole, however great the passage of time or distance between the original taking and the subsequent removal, and irrespective of intervening circumstances. We decline to adopt such a rigid rule, particularly in a case where the intent of the original perpetrators was never even an issue at trial.

 The order is appealable to this court inasmuch as it was based “upon the law and such facts which, but for the determination of law, would not have led to reversal or modification” (GPL 450.90, subd 2, par [a]).