Douglas **AMES**, Petitioner-Appellee,

v.

**NEW YORK STATE DIVISION OF PAROLE**, Respondent-Appellant.

No. 1008, Docket 84–2327.

United States Court of Appeals, Second Circuit.

Argued April 9, 1985.

Decided Sept. 17, 1985.

J. Peter Coll, Jr., New York City (Daniel R. Murdock and Donovan Leisure Newton & Irvine, New York City, of counsel), for petitioner-appellee.

Richard T. Faughnan, Asst. Dist. Atty., Brooklyn, N.Y. (Elizabeth Holtzman, Dist. Atty. and Barbara D. Underwood, Asst. Dist. Atty., Brooklyn, N.Y., of counsel), for respondent-appellant.

Before TIMBERS, VAN GRAAFEILAND, and CARDAMONE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of New York (Platt, J.) granting the petition of Douglas Ames for a writ of habeas corpus. The district court held that Ames's plea of guilty to ten counts of robbery in the first degree was not voluntary and intelligent and that Ames had been denied effective assistance of counsel. We reverse.

Because the facts and the procedural background of this case are set forth in the district court's opinion, 593 F.Supp. 972, they need only be summarized herein. In 1974, Ames pled guilty in Kings County Supreme Court to all of the charges contained in seven indictments, including ten counts of robbery in the first degree, N.Y. Penal L. § 160.15(4). After the court explained to Ames the rights he was waiving and the range of punishment he could receive, it read each of the indictments aloud and asked Ames to describe what had happened. Ames admitted each of the robberies, but stated that in committing them he used a fake pistol. Without asking whether Ames knew that the use of an unloaded weapon was an affirmative defense under section 160.15(4), reducing the offense from first degree robbery to second degree robbery, the court accepted his plea. Ames was sentenced as a second-felony offender and received concurrent terms on the first degree robbery counts of eight to sixteen years.

After appeals and a motion to vacate the judgment proved fruitless, Ames petitioned the district court for a writ of habeas corpus, alleging violations of his Fifth, Sixth, and Fourteenth Amendment rights. The court held an evidentiary hearing at which it heard testimony from Ames and his trial counsel. Although Ames had been represented by at least a half-dozen lawyers prior to his plea, he testified that none of them told him about the unloaded weapon affirmative defense and that he had no

independent knowledge of it. Ames's trial counsel testified that he could not remember whether he had told Ames about the affirmative defense.

The district court denied Ames's petition on the ground that he had failed to exhaust his State remedies. Ames moved again in Kings County Supreme Court to vacate the 1974 judgment. The motion was denied, and leave to appeal also was denied. Ames then filed a second habeas corpus petition, and, on the basis of the evidence presented on the first application, the district court granted the petition. The court found that Ames did not plead voluntarily and intelligently because he was not informed of the possibility of an unloaded weapon defense and because the trial court failed to establish a factual basis for the plea. 593 F.Supp. at 977–79. The district court held that Ames had been denied effective assistance of counsel because his trial counsel had failed to inform him of the fake pistol defense. 593 F.Supp. at 980. We disagree with each of these determinations.

In *Mitchell v. Scully*, 746 F.2d 951 (2d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985), decided after the district court's decision in the instant case, the defendant Mitchell also pled guilty in State court to robbery in the first degree, which he claimed to have committed with a play pistol. Without mentioning the affirmative defense, the trial court accepted the plea. Like Ames, Mitchell argued in this Court that his plea was involuntary because neither the trial court nor his counsel had informed him of the unloaded weapon affirmative defense. Mitchell also claimed ineffective assistance of counsel.

We rejected the claim that Mitchell's plea was invalid, holding that a distinction exists, for purposes of due process, between an element of a crime and an affirmative defense to that crime. 746 F.2d at 956. In *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the case relied upon by the district court herein, the Supreme Court held that a defendant must receive "real notice of the true nature of the charge against him", *id.* at 645, 96 S.Ct. at 2257, *i.e.*, a description of the critical elements of the offense, *see id.* at 647 n. 18, 96 S.Ct. at 2258 n. 18. "[D]ue process", we said in *Mitchell*, "does not require that a defendant be advised of every basis on which he might escape or receive a lesser punishment for an offense that he has committed [particularly where] the burden of persuasion with respect to the appropriate defense rests on the defendant." 746 F.2d at 956–57.

As in *Mitchell*, the indictments against Ames gave him clear notice of the elements of first degree robbery. 746 F.2d at 956; *see also Seiller v. United States*, 544 F.2d 554, 562–63 (2d Cir.1975). Assuming for the argument that Ames was not informed of the fake pistol affirmative defense, a defense that he would have had to prove by a preponderance of the evidence, *People v. Baskerville*, 60 N.Y.2d 374, 380, 469 N.Y.S.2d 646, 457 N.E.2d 752 (1983), this did not render his plea involuntary. *Mitchell v. Scully, supra,* 746 F.2d at 956–57.

We discern no constitutional defect in the trial court's inquiry into whether there was a factual basis for Ames's plea. By admitting that he committed each of the robberies with what appeared to be a pistol, Ames established the factual predicate for his conviction of robbery in the first degree. Unlike *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where the defendant pled guilty but denied committing the crime, there was no discrepancy between the crime Ames pled to and the conduct he admitted. The State court's inquiry did not have to be patterned after Fed.R.Crim.P. 11. *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir.1984) (per curiam). It satisfied the constitutional requirement that Ames's plea be determined to be voluntary and intelligent.

Although we assume for purposes of this opinion that the district court was correct in finding that Ames's trial counsel did not inform him of the affirmative defense, we question the court's rejection of the presumption that "in most cases defense coun-

sel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson v. Morgan, supra,* 426 U.S. at 647, 96 S.Ct. at 2258. The district court found the presumption inappropriate because Ames's trial counsel testified that he could not remember whether he had informed Ames of the affirmative defense. It would seem, however, that it is in precisely such a situation—*i.e.,* an inability to recall after a lapse of three years—where the presumption should be applied. Moreover, because Ames was represented by at least six lawyers, he had been through the criminal justice system before, and he was, in the words of the State court, "intelligent and articulate", it is more likely than not that he actually knew of the defense. *See Marshall v. Lonberger,* 459 U.S. 422, 437, 103 S.Ct. 843, 852, 74 L.Ed.2d 646 (1983). In any event, ineffective assistance of counsel was not a valid ground for issuance of the writ in the instant case.

A defendant claiming ineffective assistance must show not only deficient performance by his attorney, but also "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). We find no likelihood of such a result in the instant case. Had Ames gone to trial in order to establish the affirmative defense in each of the ten counts of robbery, he might have had to convince as many as seven juries that he used only a fake pistol. In all probability, he would have had to admit that he had committed the robberies in order to claim that he used only a fake gun. Assuming that he succeeded in each instance in proving his affirmative defense, this would only have reduced his crimes to robbery in the second degree, N.Y.Penal L. §§ 160.15(4), 160.10(2)(b), and the separate sentences which he could receive would exceed the eight to sixteen year concurrent term he actually did receive. We see no reason to assume that Ames would have received concurrent sentences following conviction for ten separate robberies. In short, Ames has failed to show a reasonable probability that, but for his attorney, the ten counts of robbery would have been disposed of on a more favorable basis than they were.

Although the district court granted Ames's petition for a writ, it did so "with a great deal of hesitation." If the district court had had the benefit of our decision in *Mitchell,* we are satisfied that it would have denied the petition, as we now direct it to do.

Reversed.