**Jose Flores RODRIGUEZ,
Petitioner-Appellant,**

v.

**Charles SCULLY, Superintendent of
Green Haven Correctional Facility,
Respondent-Appellee.**

No. 513, Docket No. 85–2241.

United States Court of Appeals,
Second Circuit.

Argued Nov. 21, 1985.

Decided April 9, 1986.

David Samel, New York City (Philip L. Weinstein, New York City, on Brief), for petitioner-appellant.

Vida M. Alvy, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of State of N.Y.; Robert Hermann, Sol. Gen.; Harvey M. Berman and Gerald J. Ryan, Asst. Atty. Gen., New York City, on Brief), for respondent-appellee.

Before TIMBERS, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Jose Flores Rodriguez appeals from an order of the United States District Court for the Southern District of New York, 634 F.Supp. 20 (Keenan, J.) denying his section 2254 application for a writ of habeas corpus. Because the district court correctly decided the case on the merits, we affirm. However, for reasons hereafter discussed, we believe the district court should not have reached the merits.

On August 3, 1981 appellant was convicted on six counts of first degree robbery in New York State Supreme Court. The conviction was based on proof that appellant and another man robbed a Manhattan jewelry company and five workmen of substantial amounts of jewelry and money. Appellant's sole defense, based on section 40.00 of the New York Penal Law, was that his participation in the robbery was coerced by his apparent accomplice.

The trial court correctly instructed the jury that it was the State's burden to prove each element of the crime beyond a reasonable doubt. Turning then to appellant's claim of duress, the court charged that appellant had the burden of proving

this affirmative defense by a preponderance of the evidence. *See* N.Y. Penal Law § 25.00(2). Although appellant did not object to the latter charge when it was given, he now contends that it unconstitutionally required him to disprove an element of the crime of first degree robbery. Finding no merit in this contention, the district court denied appellant's habeas corpus petition. However, because of appellant's failure to preserve his claim of error, the district court should not have considered it.

Section 470.05 of New York's Criminal Procedure Law provides in substance that failure to object to an erroneous charge precludes review by an appellate court. Accordingly, when Rodriguez asserted his claim of unconstitutionality as one of the arguments in his Appellate Division brief, the State argued in response that Rodriguez had failed to object to the trial court's charge and thus had waived his right to appellate review on that issue. The Appellate Division affirmed without opinion, 97 A.D.2d 683, 467 N.Y.S.2d 464, and the New York Court of Appeals denied leave to appeal, 61 N.Y.2d 677, 460 N.E.2d 241. If the affirmance by the Appellate Division was on procedural grounds, *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), teaches that, since appellant .has shown neither cause for the default nor prejudice resulting therefrom, the district court should not have considered appellant's habeas corpus claim.

Because of our "respect for state procedural rules designed to require contemporaneous objections", *Phillips v. Smith*, 717 F.2d 44, 51 (2d Cir.1983), *cert. denied*, 465 U.S. 1027, 104 S.Ct. 1287, 79 L.Ed.2d 689 (1984), we adopted a policy, shortly after *Wainwright*, of presuming that an affirmance without opinion by a New York Appellate Court, in which the argument of procedural waiver was advanced, was on procedural grounds. *See, e.g., Taylor v. Harris*, 640 F.2d 1, 2 n. 3 (2d Cir.) (per curiam), *cert. denied*, 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981); *Martinez v. Harris*, 675 F.2d 51, 54–55 (2d Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982); *Johnson v. Harris*, 682 F.2d 49, 51

(2d Cir.), *cert. denied*, 459 U.S. 1041, 103 S.Ct. 457, 74 L.Ed.2d 609 (1982); *Edwards v. Jones*, 720 F.2d 751, 753–54 (2d Cir.1983); *Cantone v. Superintendent, New York Correctional Facility at Green Haven*, 759 F.2d 207, 217–18 (2d Cir.1985).

Although the foregoing decisions were said to have "clarified this Circuit's law relating to interpretations of rulings without opinions by New York appellate courts", *Gulliver v. Dalsheim*, 687 F.2d 655, 659 (2d Cir.1982), a panel of this Court took a page from the diary of the damsel in Lord Byron's *Don Juan*, who, "whispering 'I'll ne'er consent'—consented", and decided *Hawkins v. LeFevre*, 758 F.2d 866 (2d Cir.1985). In *Hawkins*, the Court held that the rule as enunciated in the above cases did not extend to all factual situations and assumed that, despite the absence of an Appellate Division opinion in that case, the State court affirmed "because it believed there was no constitutional error or, if there were such an error, that it was harmless beyond a reasonable doubt." *Id.* at 872. Having assumed that the Appellate Division judges thus reasoned, the *Hawkins* panel then proceeded to point out that they reasoned in error. *Id.* at 874–79. *See Daye v. Attorney General*, 696 F.2d 186, 199 (2d Cir.1982) (*en banc*) (Van Graafeiland, J., dissenting), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1983).

The district court in the instant case, while recognizing that "the *Martinez* presumption retains validity after *Hawkins*", opted to follow *Hawkins* because of the "fundamental" constitutional right involved. Proceeding to the merits, the district court then held, somewhat inconsistently it seems, that appellant was not deprived of a fundamental constitutional right when the burden of proving his affirmative defense by a preponderance of the evidence was imposed upon him.

Admittedly, this is somewhat similar to the line of reasoning followed by the New York Court of Appeals in *People v. Patterson*, 39 N.Y.2d 288, 383 N.Y.S.2d 573, 347 N.E.2d 898 (1976), *aff'd sub nom. Patter-*

*son v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), upon which the district court heavily relied. However, when the New York Court of Appeals decided *Patterson,* it was considering law that had been called into question by the Supreme Court's ·decision in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), which required the prosecution to prove the absence of heat of passion under a Maine homicide statute. *See People v. Thomas,* 50 N.Y.2d 467, 472, 429 N.Y.S.2d 584, 407 N.E.2d 430 (1980). In *People v. Patterson,* the New York court made it clear that, insofar as New York was concerned, placing the burden of proof on the defense was fair, because of the defendant's knowledge or access to the evidence other than his own on the issue. *People v. Rosa,* 65 N.Y.2d 380, 386, 492 N.Y.S.2d 542, 482 N.E.2d 21 (1985); *People v. Walker,* 64 N.Y.2d 741, 485 N.Y.S.2d 978, 475 N.E.2d 445 (1984). There was no reason therefore for the Appellate Division in the instant case to reconsider the burden of proof issue, and we will not assume that it did. The Appellate Division is much more likely to have concluded that appellant simply decided not to make an untenable argument in the trial court. In short, we believe that the holdings of *Martinez* and its progeny control and that the merits of the instant case should not have been reached. *See Stepney v. Lopes,* 760 F.2d 40, 44 (2d Cir.1985).

This holding carries with it no implication that the district court's decision on the merits was faulty. Quite the contrary. Because due process requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime with which the defendant is charged, *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), the prosecution's duty to negate an affirmative defense depends in large measure upon what the state has specified as the essential ingredients of the crime. *Engle v. Isaac,* 456 U.S. 107, 120, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Patterson v. New York, supra,* 432 U.S. at 210, 97 S.Ct. at 2327. "The controlling factor appears to

be what the *legislature* chose to include as elements of an offense." *United States v. Calfon,* 607 F.2d 29, 30 (2d Cir.1979) (per curiam) (emphasis in original), *cert. denied,* 444 U.S. 1085, 100 S.Ct. 1044, 62 L.Ed.2d 771 (1980).

For example, under section 160.15 of New York's Penal Law, a conviction of robbery in the first degree may be predicated upon theft accompanied by the display of a firearm. However, the statute also provides for a possible affirmative defense based upon a showing that the weapon was unloaded. In *Mitchell v. Scully,* 746 F.2d 951, 954 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985) and again in *Ames v. New York State Division of Parole,* 772 F.2d 13, 15 (2d Cir.1985), we recognized that there was a distinction for purposes of due process between the elements of the crime and the affirmative defense permitted by the statute. Due process, we said, permits the State to require defendants to bear the burden of persuasion as to those affirmative defenses that constitute separate issues rather than the elements of the crime. *Mitchell* at 954.

█ In order to convict Rodriguez of the crime of robbery, the State had to show that he wrongfully took property from its owners with intent to deprive them of it. N.Y. Penal Law §§ 155.05, 160.15; *see People v. Robinson,* 90 A.D.2d 249, 250, 457 N.Y.S.2d 347 (1982), *aff'd,* 60 N.Y.2d 982, 471 N.Y.S.2d 258, 459 N.E.2d 483 (1983). The State clearly met this burden when it proved that Rodriguez ordered the five workers to kneel, handcuffed them to office furniture, took their money and jewelry, ransacked the workbenches and office safe and fled with his cohort, after first disconnecting the telephones. Rodriguez' claimed motivation for these acts was not an essential element of the crime. *See People ex rel. Hegeman v. Corrigan,* 195 N.Y. 1, 12, 87 N.E. 792 (1909). The case therefore fits comfortably within the broad line of criminal cases that permit burdens of persuasion to be placed on the defendant. *See Morrison v. California,* 291 U.S.

82, 88, 54 S.Ct. 281, 284, 78 L.Ed. 664 (1934); *People v. Laietta,* 30 N.Y.2d 68, 75, 330 N.Y.S.2d 351, 281 N.E.2d 157 (1972).

Section 25.00(2) of New York's Penal Law provides that, when a statutory affirmative defense is raised at trial, "the defendant has the burden of establishing such defense by a preponderance of the evidence." One of the statutory defenses is duress. N.Y. Penal Law § 40.00. New York has been committed for many years to the proposition that the defendant has the burden of establishing this defense. *See People v. Calvano,* 30 N.Y.2d 199, 203, 331 N.Y.S.2d 430, 282 N.E.2d 322 (1972); *People v. Bastidas,* 108 A.D.2d 866, 867, 485 N.Y.S.2d 576 (1985) *(mem.)* and *People v. Irby,* 61 A.D.2d 386, 400, 402 N.Y.S.2d 847 (1978), *modified on other grounds,* 47 N.Y.2d 894, 419 N.Y.S.2d 477, 393 N.E.2d 472 (1979). There is no fundamental constitutional infirmity in this widely accepted rule. *See United States v. Bailey,* 444 U.S. 394, 409–12, 100 S.Ct. 624, 634–35, 62 L.Ed.2d 575 (1980); *United States v. Mitchell,* 725 F.2d 832, 835 (2d Cir.1983); *United States v. Calfon, supra,* 607 F.2d at 31.

The order of the district court is affirmed.

JON O. NEWMAN, Circuit Judge, concurring in the result:

For several years this Circuit has endeavored to decipher the silence of the New York Appellate Division when it affirms without opinion a criminal conviction. We are obliged to do this because *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), forbids federal habeas corpus consideration of a constitutional claim not adjudicated on the merits by the state courts by reason of procedural default unless there was cause for the default and resulting prejudice. When a procedural default has occurred at trial and the Appellate Division affirms without opinion, we are left to guess whether that Court relied on the default and did not reach the merits, or ignored the default and reached the merits, deciding the issue adversely to the defendant. In several cases we have been willing to assume that silence meant reliance on procedural default, at least where the defendant failed to observe "a well-known rule of trial practice," *Taylor v. Harris,* 640 F.2d 1, 2 n. 3 (2d Cir.), *cert. denied,* 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981), such as the requirement of objection to a jury charge or to trial evidence, *see Johnson v. Harris,* 682 F.2d 49 (2d Cir.), *cert. denied,* 459 U.S. 1041, 103 S.Ct. 457, 74 L.Ed.2d 609 (1982); *Martinez v. Harris,* 675 F.2d 51, 53–55 (2d Cir.), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982); *Taylor v. Harris, supra.*

However, in *Hawkins v. LeFevre,* 758 F.2d 866 (2d Cir.1985), we declined to apply this approach rigidly out of respect to the New York courts, which have their own exception to their usual rule concerning procedural default. In New York, a limited category of alleged trial errors, including claimed defects in a jury charge, will be reviewed on appeal, despite the lack of a contemporaneous objection normally required to preserve an issue for review. The category has been described as including an alleged error that "goes to the essential validity of the proceedings," *People v. Patterson,* 39 N.Y.2d 288, 296, 383 N.Y.S.2d 573, 578, 347 N.E.2d 898, 903 (1976), *aff'd sub nom. Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), or challenges a procedure "at basic variance with the mandate of law prescribed by Constitution or statute," *People v. Thomas,* 50 N.Y.2d 467, 471, 429 N.Y.S.2d 584, 586, 407 N.E.2d 430, 432 (1980), or constitutes "a deprivation of a fundamental constitutional right," *People v. McLucas,* 15 N.Y.2d 167, 172, 256 N.Y.S.2d 799, 802, 204 N.E.2d 846, 849 (1965). Since New York has announced that it will review such claims of error, we held in *Hawkins v. LeFevre, supra,* that silent affirmance by the Appellate Division, in a case where such a claim of error was made, must be understood to be a ruling on the merits of the claim.

In the instant case, we are again presented with a claim of error, which, if correct on the merits, would "go[] to the essential validity of the proceedings" as New York uses that phrase. We need not guess about it; we know it for a fact from the New York Court of Appeals decisions in *Patterson* and *Thomas*. In *Patterson*, the claimed error, reviewed despite the lack of a contemporaneous objection, was that the trial court's charge placed on the defendant the burden of proof as to extreme emotional disturbance, which, if established, would have reduced the defendant's degree of culpability. The claimed error in the instant case is an even stronger candidate for inclusion in the category of errors reviewed despite lack of contemporaneous objection. Here the claimed error is that the trial court's charge placed on the defendant the burden of proof as to duress, which, if established, would have resulted in complete exoneration.

In *Thomas*, the New York Court of Appeals discussed its ruling in *Patterson* and made clear that the type of error alleged in the instant case is reviewable despite lack of objection. *Thomas* involved a jury instruction that arguably could be interpreted as placing the burden of proof on the issue of intent on the defendant, contrary to *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The Court of Appeals ruled that a claimed error of this sort was not reviewable absent objection at trial, specifically noting the distinction between the claimed errors in *Thomas* and *Patterson:*

In *Patterson* then the trial court had expressly and unequivocally instructed the jury, as the statute directed, that the burden of proof was on the defendant to prove the affirmative defense. In the case now before us, on the other hand, there is no contention that the court expressly shifted the burden of proof to the defendant or explicitly relieved the People of their burden of proving every element of the crimes charged. Rather it is urged that a portion of the court's charge is capable of being so interpreted and having this effect although, as indi-

cated, the court specifically instructed the jury that the burden was on the People throughout. A claim that the court erred by expressly shifting the burden of proof to the defendant or relieving the People of their obligation to prove the defendant's guilt beyond a reasonable doubt presents a more basic defect, and is potentially more prejudicial, than a contention that a portion of the charge may be interpreted as having this effect.

*People v. Thomas, supra,* 50 N.Y.2d at 472, 429 N.Y.S.2d at 587, 407 N.E.2d at 433. In the instant case the claim is precisely that "the [trial] court erred by expressly shifting the burden of proof to the defendant."

Rather than recognize this case as one presenting an issue that New York courts review on the merits despite the lack of a contemporaneous objection, the majority suggests that the New York Court of Appeals reached the merits in *Patterson* only because the law concerning burden of proof had been placed in doubt by *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The problem with this purported distinction is that the New York Court of Appeals did not adopt it. That Court did not cite *Mullaney v. Wilbur, supra,* as the reason for reviewing the issue on the merits. In *Patterson* the Court did not even mention *Mullaney* until after it had concluded that the issue on the merits was within the special category that always deserves review despite the absence of contemporaneous objection. 39 N.Y.2d at 296, 383 N.Y.S.2d at 578, 347 N.E.2d at 903. Instead of interpreting Appellate Division silence in the pending case to mean that the New York rule as set forth in *Patterson* and *Thomas* was followed on the threshold issue of reviewability, the majority speculates that the Appellate Division more likely declined to reach the merits because it concluded that defense counsel had thought his contention was untenable at trial and had made a deliberate decision not to make his argument on the

merits to the trial court. This interprets the silence of the Appellate Division in affirming the conviction as having interpreted the silence of defense counsel in failing to object to the charge. That interpretation of silence divines more meaning than I can accept. It ignores not only what the New York Court of Appeals did in *Patterson* but also what the Supreme Court did in *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), and what this Court did in *Hawkins v. LeFevre, supra.*

In *Ulster County* the Supreme Court entertained a claim on the merits as to which no contemporaneous objection had been made. It did so in reliance on New York appellate practice as expressed in *People v. McLucas, supra.* 442 U.S. at 151 n. 10, 99 S.Ct. at 2221, n. 10. This Court did the same thing in *Hawkins,* also relying on *McLucas,* 758 F.2d at 872–73. My colleagues gently mock *Hawkins* by suggesting that it is a departure from an unyielding practice, in the fashion of the celebrated departure of Lord Byron's damsel from her practice of not yielding. Whatever fancies of the moment may have prompted the lady to consent, I would have thought that the Supreme Court in *Ulster County* and this Court in *Hawkins* were making more principled decisions that we are obliged to follow, especially when they both rely on decisions of New York's highest court, whose appellate policies we are striving to respect.

Despite its expressed view that the merits of appellant's claim were not properly before the District Court and hence not properly before our Court, the majority considers the merits and rejects appellant's claim. Since I agree that under New York law the issue of duress is a matter of defense, which the defendant may constitutionally be required to prove, and not part of an element of the offense, which the prosecution must prove, I concur in the affirmance of the District Court's judgment.